UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>CLIFFORD EDWARD SHIRLEY, JR.  )<br>_____ ) | Criminal No. 4:15-95-BHH-7<br><br>**OPINION AND ORDER** |

Defendant Clifford Edward Shirley, Jr.'s ("Defendant") has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 744.) He contends that there has been a large outbreak of the novel coronavirus, COVID-19, at Federal Correctional Institution Fort Dix, where he is housed, and that the conditions of his confinement make it impossible for he and other inmates to safely distance themselves from one another. (*Id.*) Defendant further states, "I have served 48% of this Tribunal's imposed sentence imprisonment term, I am legally blinded in one eye, and I meets the (7) seven criticals under the Section (b)(2), of the CARES ACT." (*Id.* at 1 (errors in original).) Defendant makes no reference to the requirement that he first make any such request for compassionate release to the Bureau of Prisons ("BOP"). (*See id.*)

The Court, on motion of a defendant after (1) fully exhausting administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or (2) the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier, may reduce the term of imprisonment if it finds that extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Courts within the Fourth Circuit differ as to what actions on the part of an incarcerated defendant are required before the defendant will be deemed to have properly exhausted his administrative remedies under § 3582(c)(1)(A). However, the Court is informed that the United States

1

Attorney's Office for the District of South Carolina deems the jurisdictional requirements of § 3582(c)(1)(A) to be satisfied 30 days after a defendant files a request for compassionate release with the warden, even if the warden denies the request and the defendant has not otherwise exhausted all of his administrative remedies with the BOP. *See United States v. Gadsen*, No. 5:00-cr-917-CMC, ECF No. 74 at 1 (Government's Response to Questions Propounded By The Court).

    Nevertheless, Defendant in the instant case does not allege he has made a request for compassionate release to the warden of the correctional facility where he is incarcerated, nor does he assert that he exhausted his administrative remedies under § 3582(c)(1)(A). Accordingly, because the BOP has not brought this motion and the jurisdictional requirements of § 3582(c)(1)(A) have not been otherwise satisfied, Defendant's motion for compassionate release (ECF No. 744) is denied without prejudice.

    **IT IS SO ORDERED.**

                                                    /s/Bruce Howe Hendricks
                                                  United States District Judge

May 18, 2020
Greenville, South Carolina